UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KOICHI SAITO and LYNNE'A
SAITO,

    Plaintiffs,

v.                                  Case No.:  2:24-cv-65-JES-KCD

PRATIK PATEL, DECUBAS &
LEWIS, PETER LANNING, EX
LEGAL PLLC, COLLIER COUNTY
ET AL and STATE OF FLORIDA,

    Defendants.
_____/

## ORDER

    Defendant Collier County moves to strike Plaintiffs' brief in opposition to its motion to dismiss. (Doc. 39.)[1] As this Court has said time and again, motions to strike are often "time wasters." *Baumgardner v. Am. Mod. Prop. & Cas. Ins. Co.*, No. 2:23-CV-298-JLB-KCD, 2023 WL 4705835, at *1 (M.D. Fla. July 24, 2023). The County's motion here is no exception.

    First, citing Local Rule 3.01, the County argues that Plaintiffs never sought leave to file a reply brief. (Doc. 39 at 3.) But Plaintiffs have not filed a reply. They filed a response to the motion to dismiss, which is allowed without

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

leave. The County stresses that pro se litigants, like Plaintiffs, "must adhere to the rules of this court." (Doc. 36 at 4.) True. But so must lawyers. Local Rule 3.01 could not be clearer that Plaintiffs were entitled to file a response to the motion to dismiss: "A party responding to a motion or brief *may file a legal memorandum no longer than twenty pages inclusive of all parts*." (Local Rule 3.01(b) (emphasis added).)

Next, the County seeks to strike Plaintiffs' brief because it came after the twenty-one-day deadline allowed under Local Rule 3.01. (Doc. 39 at 5.) Come on. This is not a case where Plaintiffs filed their brief months or even weeks past the deadline. We are talking three days after accounting for mailing. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) , . . 3 days are added after the period would otherwise expire[.]"). Short extensions of time are routinely granted to pro se litigants. The Court is inclined to do that here rather than further delay resolving the County's motion to dismiss on the merits.

Accordingly, it is now **ORDERED**:

1. Defendant Collier County's Motion to Strike Petitioners' Opposition to Collier County's Motion to Dismiss (Doc. 39) is **DENIED**;

2. The Court accepts Plaintiffs' Opposition to Collier County's Motion to Dismiss (Doc. 36) as filed.

3.      For the same reasons discussed above, Collier County's motion for leave to "reply" (Doc. 41) is **DENIED AS MOOT**. Leave is not needed for the County to respond to the pending motion under Local Rule 3.01.

**ORDERED** in Fort Myers, Florida on April 11, 2024.

*Kyle C. Dudek*
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record