UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KOICHI SAITO and LYNNE'A SAITO,

    Plaintiffs,

v.                               Case No.:   2:24-cv-65-JES-KCD

PRATIK PATEL, DECUBAS & LEWIS, PETER LANNING, EX LEGAL PLLC, COLLIER COUNTY ET AL and STATE OF FLORIDA,

    Defendants.
_____/

## ORDER

    Before the Court is Plaintiffs' Motion for Leave to File an Amended Complaint. (Doc. 34.)[1] Defendants responded (Docs. 40, 43), making this matter ripe. For the below reasons, the motion is granted.

    In this action, Plaintiffs sue Defendants for injunctive relief concerning title to real property in Naples, Florida. Plaintiffs also accuse Defendants of issuing illegal trespass warnings. (*See* Doc.  1.) Defendants have moved to dismiss the complaint, and in response, Plaintiffs seek leave to amend. (Doc.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

34.) Defendants object to amending the complaint on futility grounds since the proposed amended complaint (Doc. 34-1) fails to state a claim. (Docs. 40, 43.)

Rule 15 instructs that when a court considers a motion to amend a pleading, it "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]here must be a substantial reason to deny a motion to amend, such as undue delay, bad faith, dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Nance v. Ricoh Elecs., Inc.*, 381 F. App'x 919, 924 (11th Cir. 2010). Regarding futility, the denial of leave to amend is justified "when the [amended] complaint is still subject to dismissal." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999).

The Court has considered the parties' arguments in support of and in opposition to Plaintiffs' request for leave to amend and finds that Defendants have not shown a substantial reason to deny the motion at this stage. It might be that the amended complaint will not survive a sufficiency challenge, but that issue is best decided on a motion to dismiss where the Court can dispose of the matter with prejudice if appropriate. Put simply, the Court prefers to address Plaintiffs' claims through the lens of Rule 12. That will avoid repetitive briefing and get to the merits with just speed.

Accordingly, it is hereby **ORDERED**:

1. Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. 34) is **GRANTED**. The Clerk is directed to docket the amended complaint (Doc. 34-1) as a separate docket entry and issue the summons (Doc. 34-2).

2. Defendants' Motions to Dismiss (Docs. 16, 18, 21, 26) are **DENIED AS MOOT**.

**ORDERED** in Fort Myers, Florida on April 15, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record