```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION

KOICHI   SAITO  and   LYNNE'A
SAITO,

       Plaintiffs,

v.                                  Case No:  2:24-cv-65-JES-KCD

PRATIK   PATEL,  DECUBAS   &
LEWIS,   PETER  LANNING,  EX
LEGAL  PLLC,  COLLIER  COUNTY
ET AL, and STATE OF FLORIDA,

       Defendants.
_____
```

### OPINION AND ORDER

This matter comes before the Court on The State of Florida's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. #47); De Cubas & Lewis, P.A. and Pratik Patel's Motion to Dismiss Amended Complaint with Prejudice (Doc. #52); eXL Legal, PLLC and Peter Lanning's Motion to Dismiss Amended Complaint (Doc. #53); and Collier County's Motion to Dismiss Plaintiff's Amended Bill Quia Timet with Prejudice (Doc. #55).  Plaintiffs filed an Opposition to the State of Florida's Motion to Dismiss (Doc. #62) and an Opposition to Collier County's Motion to Dismiss (Doc. #63).  In response to Peter Lanning and eXL Legal's Motion, plaintiffs filed an Opposition to and Demand to Strike Motion to Dismiss (Doc. #64).

In response to Pratik Patel and DeCubas & Lewis, plaintiffs filed an Opposition and Demand to Strike Motion to Dismiss (Doc. #65)[1].

Also before the Court is plaintiffs' Request for Declaratory Judgement (Doc. #61) filed on May 16, 2024. Defendant Collier County filed a Response (Doc. #66) and defendant State of Florida's Notice of Adoption and Joinder (Doc. #68). Plaintiffs filed a Reply (Doc. #70) without leave of Court.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me

---

[1] The motions to strike the motions to dismiss will be denied. No hearsay evidence was presented or considered. The motions were granted based on the Amended Complaint and the Court's jurisdiction to entertain the case.

accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

"In ruling on a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, it is within the district court's discretion to devise a method for making a determination with regard to the jurisdictional issue." Kennedy v. Floridian Hotel, Inc., 998 F.3d 1221, 1232 (11th Cir. 2021) (quotation marks and citation omitted). In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). Although *pro se* complaints are construed liberally, the Court nevertheless requires that *pro se* litigants adhere to the same governing rules and procedures as litigants represented by attorneys. See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (citing Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).

## II.

This case arises from a state-court foreclosure of plaintiffs' residence. On June 27, 2023, a Final Judgment of Foreclosure was issued in favor of PennyMac in the amount of $551,382.13, with a lien for the total sum on property in Collier County at the address of 3987 31st Avenue North East, Naples, Florida 34120. A Certificate of Sale was issued on August 3, 2023, showing publication of the Notice of Foreclosure Sale and a winning bid of $100 by PennyMac. A Certificate of Title was issued on August 15, 2023, for the property to PennyMac, and on November 30, 2023, a Return of Service reflects service on Lynnea Evette Saito of a Writ of Possession.

Plaintiffs filed a Bill Quia Timet (Doc. #1-4) on January 18, 2024, and an Amended Bill Quia Timet (Doc. #45) with leave of Court on April 15, 2024.  The documents have been construed and treated as a Complaint and Amended Complaint.

Plaintiffs allege conversion of private property being used as "shelter", and not for commercial or public use, that the property was erroneously registered with Collier County as "real property" and "real estate" for tax purposes subjecting plaintiffs to taxation, mortgage, foreclosure, and public eviction. Plaintiffs allege a Constitutionally protected right was violated by the conversion of plaintiffs' right into a privilege.

Plaintiffs allege that they are the "beneficial interest holders" of private property located at 3987 31st Avenue NE, Naples Florida.  Plaintiffs allege that they have been in "peaceful possession" of the property since April 2022, "to use it as private shelter for the purpose of living and life-sustaining protection from the world and the elements."  Plaintiffs allege that the specific use of the land is for "life sustaining living purposes" and not for commercial use.  Plaintiffs allege that they are "the sovereign people of Florida", there is no contractual relationship with defendants, and the property was granted to them by God. (Doc. #45, ¶¶ 1-8.)  Plaintiffs filed a public notice in the Naples Daily News that they were "heir to the full faith and credit to

the Supreme Ruler of the Universe" and claiming, "redemption as steward of the land."  (Doc. #1-1, Exh. 1.)

Plaintiffs allege that in June 2022, they became aware that a record of their private property was being maintained in the Collier County, Florida "public corporate registry" in error. Plaintiffs allege that registration in the public record is not required for a private shelter only "income-producing property used in commerce."  Collier County has refused to correct the record.  (Id. at ¶¶ 16-19.)  Plaintiffs allege that Collier County has no evidence that they are "bona fide residents" that are domiciled in the State of Florida, and the property is not registered to generate revenue, or for trade or business so Collier County cannot collect taxes.  Plaintiffs allege that the refusal to correct the record after notice has placed their property at risk of being "administered publicly."  (Id. at ¶¶ 21-22, 26.)

Plaintiffs allege that Peter Lanning and Pratik Patel, as agents of EXL Legal and DeCubas & Lewis, have threatened to remove them from the property, and they have been given a written warning from the Sheriff's Office that they will be charged with trespassing if plaintiffs come onto the property.  Marc Joseph advertised the property as for sale.  Plaintiffs believe that this will cause substantial damage to their equitable interest in the

property, and their family will be "shelterless" if injunctive relief is not granted. (Id. at ¶¶ 29-32.)

Plaintiffs seek equitable relief because they are a "private man and woman using the Subject Property as private shelter in which to live, play, eat, raise children, and shelter their family." Plaintiffs state that neither is a "statutorily-defined 'person' who is eligible for a real estate loan" and no bank can grant plaintiffs any deposit or money for a living shelter. (Id. at ¶¶ 37-38.) Plaintiffs allege that as private people they lack the capacity to be eligible for a real estate loan, credit, or other property and any alleged contract would be unconscionable. (Id. at ¶¶ 39-40.)

Plaintiffs allege that they have not received any "satisfied note" showing payment in full. With the return of the note, plaintiffs allege that the foreclosure was not initiated by the actual holder of the note. Plaintiffs allege that Lanning and Patel have been unable to produce the required real estate loan accounting documents. Plaintiffs allege that defendants have pursued the property for an alleged debt without a contract, and Peter Lanning and Pratik have enlisted Marc Joseph to advertise the property. (Id. at ¶¶ 43-44, 47, 51.)

Plaintiffs tried seeking remedy in a lower court but found they had no adequate remedy at law, only equity. (Id. at ¶ 63.)

Plaintiffs argue that anti-homelessness laws exists and that making plaintiffs homeless is against public policy. (Id. at ¶ 67.)

Plaintiffs seek an injunction to cease the public recording and advertising, the removal of their property, and the removal of plaintiffs from private use of the property. Plaintiffs ask to have defendants Pratik, Lanning, DeCubas & Lewis, and EXL Legal turn over the keys to the lock installed on the property door and gate. Plaintiffs ask that Marc Joseph be stopped from all public advertising, and for all court filings to be sealed and to have all records related to the property removed from the public records. (Id. at ¶¶ 73-75, 81-82, 86-89.)

### III.

Defendants eXL Legal, PLLC and Peter Lanning, Collier County, De Cubas & Lewis and Pratik Patel, and the State of Florida argue a lack of subject matter jurisdiction under Rule 12(b)(1) because no diversity or federal question is stated and because the Rooker-Feldman doctrine precludes review. Defendants also argue that the complaint fails to state a cause of action under Rule 12(b)(6), that the complaint is a shotgun pleading, and is barred by res judicata. Defendants also argue that plaintiffs are not entitled

to injunctive relief. The Court addresses the jurisdictional issues in the first instance.

Subject-matter jurisdiction involves a court's power to hear a case and must be determined even in the absence of a challenge from any party. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (internal citations omitted). "Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms. 'Facial attacks' on the complaint 'require the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.' [] 'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (internal citations omitted).

### A. Facial Challenge to Jurisdiction

"A 'facial attack' challenges whether a plaintiff 'has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" Kennedy v. Floridian Hotel, Inc., 998 F.3d 1221, 1230 (11th Cir. 2021) (quoting Lawrence v. Dunbar, 919 F.2d 1525,

1529 (11th Cir. 1990)). Plaintiffs assert federal jurisdiction based on the United States Constitution and federal statutes.

**(1) United States Constitution**

The Amended Complaint refers the United States Constitution in connection with conversion of private property and failing to provide a procedure to take private property for statutory property tax. (Doc. #45 at p. 2 & ¶ 13.) The Takings Clause of the U.S. Constitution provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const., amend. V.

> Moreover, though the classic taking is a transfer of property to the State or to another private party by eminent domain, the Takings Clause applies to other state actions that achieve the same thing. Thus, when the government uses its own property in such a way that it destroys private property, it has taken that property. [] Similarly, our doctrine of regulatory takings "aims to identify regulatory actions that are functionally equivalent to the classic taking." [] Thus, it is a taking when a state regulation forces a property owner to submit to a permanent physical occupation, Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 425–426 (1982), or deprives him of all economically beneficial use of his property, Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1019 (1992). Finally (and here we approach the situation before us), States effect a taking if they recharacterize as public property what was previously private property.
>
> ….
>
> In sum, the Takings Clause bars *the State* from taking private property without paying for it,

> no matter which branch is the instrument of the taking.

Stop the Beach Renourishment, Inc. v. Fla. Dep't of Env't Prot., 560 U.S. 702, 713, 715 (2010) (internal citations omitted). The documents treated as an Amended Complaint may be liberally construed as an attempt to assert a claim that Collier County has taken their private property without compensation.

### (2) Mckinney-Vento Homeless Assistance Act

Plaintiffs also references "anti-homelessness laws." (Doc. #45 at ¶ 67.) One is a federal statute, the McKinney-Vento Homeless Assistance Act, with the stated purpose: "**(1)** to establish the United States Interagency Council on Homelessness; **(2)** to use public resources and programs in a more coordinated manner to meet the critically urgent needs of the homeless of the Nation; and **(3)** to provide funds for programs to assist the homeless, with special emphasis on elderly persons, handicapped persons, families with children, Native Americans, and veterans." 42 U.S.C. § 11301(b). The other federal statute is the Department of Housing and Urban Development Act, which "declares that the general welfare and security of the Nation and the health and living standards of our people require, as a matter of national purpose, sound development of the Nation's communities and metropolitan areas in which the vast majority of its people live and work." 42 U.S.C. § 3531.

Neither provides a cause of action which allows plaintiffs to sue in federal court.

### B. Factual Challenge to Jurisdiction

Even if subject matter jurisdiction is sufficiently alleged, defendants mount a factual attack on the Court's jurisdiction. Such a challenge to the existence of subject matter jurisdiction in fact, irrespective of the pleadings, allows the Court to consider matters outside the pleadings. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (citing Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)). "In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Defendants seek to have the Court take into consideration the disposition of a residential foreclosure action initiated by PennyMac Loan Services, LLC in Collier County Circuit Court. The Court will do so. The documents are verifiable through the Collier

County public docket and relevant to the property at issue for which plaintiffs seek injunctive relief.

### *(1) Quia Timet*

Plaintiffs allege equity jurisdiction pursuant to the "doctrine of quia timet" because they have no adequate remedy at law, and plaintiffs are at "eminent risk of irreparable harm of which there is no adequate nor expedient remedy at law." (Doc. #45, pp. 2, 3.)  Plaintiffs are incorrect.

"Essential to *quia timet* equity jurisdiction is the absence of an adequate remedy at law."  AstenJohnson, Inc. v. Columbia Cas. Co., 562 F.3d 213, 225 (3d Cir. 2009).  "'*Quia timet* is the right of a surety to demand that the principal place the surety 'in funds' when there are reasonable grounds to believe that the surety will suffer a loss in the future because the principal is likely to default on its primary obligation to the creditor.' [] 'To recover under a theory of *quia timet*, a surety must establish that: (1) the debt will come due; (2) the principal is or will be liable for the debt; and (3) absent equitable relief, the surety will be prejudiced because it will be forced to advance the money to the creditor.'"  XL Specialty Ins. Co. v. Bighorn Constr. & Reclamation, LLC, No. CV 21-3068-BAH, 2022 WL 17177650, at *8 (D. Md. Nov. 23, 2022) (internal citations omitted).

"A bill *quia timet* is generally brought to prevent future litigation as to property by removing existing causes of controversy as to its title." Sharon v. Tucker, 144 U.S. 533, 543 (1892). "Bills quia timet are ordinarily applied to prevent anticipated mischief, not to redress wrongs after they have occurred." Concorde Equity II, LLC v. Miller, 732 F. Supp. 2d 990, 1002 (N.D. Cal. 2010). "As one would expect, however, it does not under all circumstances allow relief from feared harm that has not yet occurred." AstenJohnson, Inc. v. Columbia Cas. Co., 562 F.3d 213, 225 (3d Cir. 2009).

As discussed earlier, the record establishes that on June 27, 2023, a Final Judgment of Foreclosure was issued in favor of PennyMac in the amount of $551,382.13, with a lien for the total sum on property in Collier County at the address of 3987 31st Avenue North East, Naples, Florida 34120. A Certificate of Sale was issued on August 3, 2023, showing publication of the Notice of Foreclosure Sale and a winning bid of $100 by PennyMac. A Certificate of Title was issued on August 15, 2023, for the property to PennyMac, and on November 30, 2023, a Return of Service reflects service on Lynnea Evette Saito of a Writ of Possession. Thus, the state court docket reflects that plaintiffs had the opportunity to appear, respond, and object. Therefore, equitable relief is foreclosed.

*(2)* **Rooker-Feldman**

"Constitutional power is merely the first hurdle that must be overcome in determining that a federal court has jurisdiction over a particular controversy. For the jurisdiction of the federal courts is limited not only by the provisions of Art. III of the Constitution, but also by Acts of Congress." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372 (1978). "Rooker[2] and Feldman[3] exhibit the limited circumstances in which this Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority, e.g., § 1330 (suits against foreign states), § 1331 (federal question), and § 1332 (diversity). In both cases, the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005).

> As Exxon Mobil recognized, this rule follows naturally from the jurisdictional boundaries that Congress has set for the federal courts.

---

[2] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

[3] Dist. of Columbia Ct. of App. v. Feldman, 460 U.S. 462 (1983).

> First, federal district courts are courts of original jurisdiction—they generally cannot hear appeals. Id. at 291–92, 125 S. Ct. 1517 (citing 28 U.S.C. § 1331). And second, only the Supreme Court can "reverse or modify" state court judgments; neither district courts nor the circuits can touch them. Id. at 283, 125 S. Ct. 1517 (citing 28 U.S.C. § 1257(a)[4]); see also Tamiami Partners, Ltd. ex rel. Tamiami Dev. Corp. v. Miccosukee Tribe of Indians of Fla., 177 F.3d 1212, 1221 (11th Cir. 1999). Allowing federal district courts to alter or directly review the judgments of state courts would violate both of those jurisdictional grants. See Verizon Md. Inc. v. Pub. Serv. Comm'n, 535 U.S. 635, 644 n.3, 122 S. Ct. 1753, 152 L.Ed.2d 871 (2002).

Behr v. Campbell, 8 F.4th 1206, 1210 (11th Cir. 2021).

The Court finds that it has no jurisdiction to reconsider, revisit, or to grant injunctive relief for property that has been foreclosed and sold. Plaintiffs had the ability to appeal through the state appellate courts, including issues of due process and jurisdiction.

---

[4] Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

28 U.S.C. § 1257(a).

### *(3)* **Other Issues**

The remaining issues raised by defendants will not be addressed since the Court finds it has no subject matter jurisdiction to hear the case. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (citation omitted)). See also Blankenship v. Gulf Power Co., 551 F. App'x 468, 471 (11th Cir. 2013) ("Because the district court lacked subject matter jurisdiction, however, it did not have authority to dismiss the complaint on the merits."). This includes plaintiffs' request for declaratory relief against the State of Florida and Collier County seeking the same relief set forth in the Amended Complaint.

Accordingly, it is hereby

**ORDERED**:

1. The State of Florida's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. #47); De Cubas & Lewis, P.A. and Pratik Patel's Motion to Dismiss Amended Complaint with Prejudice (Doc. #52); eXL Legal, PLLC and Peter Lanning's Motion to Dismiss Amended Complaint (Doc. #53); and Collier County's Motion to Dismiss Plaintiff's Amended Bill Quia

    Timet with Prejudice (Doc. #55) are **GRANTED** to the extent that the Court finds that it does not have jurisdiction.

2. Plaintiffs' Demand to Strike Motion to Dismiss (Doc. #64) and Demand to Strike Motion to Dismiss (Doc. #65) are **DENIED.**

3. Plaintiffs' Request for Declaratory Judgement (Doc. #61) is **DENIED.**

4. Plaintiffs' Notice to Recuse the Magistrate Judge (Doc. #67) construed as a motion for recusal is **DENIED** as moot.

5. The Amended Bill Quia Timet (Doc. #45) is **DISMISSED without prejudice** for lack of subject matter jurisdiction. The Clerk shall enter judgment accordingly, terminate all pending deadlines and motions and close the case.

**DONE and ORDERED** at Fort Myers, Florida, this ___13th___ day of June 2024.

 

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record